**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 | ) | |
| UNION AND INDUSTRY WELFARE FUND, | ) | NO. 17-cv-6622 |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | MAG. JUDGE: |
| | ) | |
| JOE SEWELL, an Individual, and | ) | |
| OXNER & PERMAR, PPLC, a North Carolina | ) | |
| Professional Limited Liability Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND WELFARE FUND ("FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants JOE SEWELL ("SEWELL") and OXNER & PERMAR, PLLC ("OXNER"), and states as follows:

## JURISDICTION AND VENUE

1.  This action arises under Section 502(a)(3) of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. § 1132(a)(3). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Automobile Mechanics' Local No. 701 Union and Welfare Fund is administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

1

## PARTIES

3.    Plaintiff FUND is a fiduciary of the Automobile Mechanics' Local No. 701 Union and Welfare Plan ("Plan") and as such, is authorized to bring this action pursuant to 29 U.S.C. § 1132(a)(3).

4.    Defendant SEWELL is a resident of Charlotte, North Carolina.

5.    Defendant OXNER is a professional limited liability corporation with its principal place of business located in Charlotte, North Carolina.

## FACTUAL ALLEGATIONS

6.    The FUND is a self-funded welfare benefit plan as defined in 29 U.S.C. §1002(1) that provides, *inter alia*, medical and disability benefits to Covered Individuals.

7.    Defendant SEWELL is a Participant of the FUND as defined by the Plan Document/Summary Plan Description ("Plan/SPD"). (A copy of the Plan/SPD is attached as Exhibit 1).

8.    On January 13, 2017, SEWELL was injured at work and sustained bodily injury (hereinafter "Injury").

9.    The FUND has expended a total of $21,756.07 in medical and disability benefits on SEWELL'S behalf as a result of the Injury.

10.    Defendant OXNER, on behalf of SEWELL, initiated a workers' compensation claim in 2017 with the North Carolina Industrial Commission as a result of his Injury.  The case was assigned Injury No. 17-992483.  (SEWELL'S workers' compensation claim shall hereinafter be referred to as "WC Claim").

11.    The Plan's Reimbursement provisions in effect at the time SEWELL sustained his Injury contained in the Plan/SPD states:

"If you and/or your Dependent receive payment from a third party for benefits paid by the Fund, you or the third party must reimburse the Fund. The proceeds of the settlement or judgment must be divided as follows: The Plan has priority over all funds recovered. Accordingly, you or your representative must pay the Fund a sum sufficient to fully reimburse the Fund for all (100%) benefits advanced prior to satisfying any other existing lien or claims. No reductions or deductions are allowed for attorneys' fees pursuant to the "make-whole" doctrine or any other state law affecting these rights is preempted by ERISA (i.e., the common fund doctrine)." (Exhibit 1).

12.     Pursuant to the terms of the Plan/SPD, SEWELL executed a Reimbursement Agreement in which he agreed that:

"The Covered Individual does hereby agree to reimburse the Fund 100% of the benefits paid on account of the Accident by the Fund, should he/she or his/her representative receive any money or other assets from any Third Party." (A copy of the Reimbursement Agreement is attached as Exhibit 2).

13.     On or about June 23, 2017, SEWELL agreed to settled his WC Claim in exchange for payment in the amount of $70,000.00. (A copy of the Order Approving Compromise Settlement Agreement is attached as Exhibit 3).

14.     Upon information and belief, some of the $70,000.00 was distributed to SEWELL and some remains with OXNER.

15.     The FUND, through its attorneys and agents, have demanded full reimbursement of the $21,756.07 in medical and disability benefits that the Plan paid on SEWELL'S behalf, which SEWELL and OXNER have repeatedly refused.

16.     As of today's date, Defendants have refused to recognize the FUND'S absolute right to recover pursuant to the Plan/SPD and ERISA.

<u>**COUNT I –**</u>
<u>**ENFORCEMENT OF PLAN/SPD – EQUITABLE LIEN**</u>

17.     Plaintiff incorporates by reference paragraphs one (1) through sixteen (16) as if fully set

3

forth herein.

18. By refusing to reimburse the FUND the full amount of benefits paid in the amount of $21,756.07 from the monies received by Defendants in the settlement of the WC Claim, Defendants have violated the terms of the Plan/SPD which clearly state that the Plan has a right to reimbursement from any and all money that Defendants recover from the WC Claim.

19. The FUND has an absolute right to reimbursement in the amount of $21,756.07.

20. The Plaintiff has been harmed as a result of the Defendants' failure to act in accordance with the terms of the Plan/SPD because the Defendants are refusing to reimburse the FUND with money that rightfully belongs to the Plaintiff.

21. Section 502(a)(3) of ERISA allows the Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan/SPD and the Reimbursement Agreement. 29 U.S.C. § 1132.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

A. Impose an Equitable Lien in the amount of $21,756.07, plus interest on all tangible and intangible personal and real property of the Defendants;

B. Enter a monetary judgment against Defendants SEWELL and OXNER, jointly and severally, in the amount of $21,756.07 as a mechanism to enforce the equitable lien;

C. Enter an order awarding Plaintiff its reasonable attorney's fees and costs pursuant to the terms of the Plan/SPD and 29 U.S.C. §1132(g)(1); and

D. Award the Plaintiff any other equitable relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. §1132(a)(3).

**COUNT II –**
**ENFORCEMENT OF PLAN/SPD – CONSTRUCTIVE TRUST**

22.     Plaintiff incorporates by reference paragraphs one (1) through twenty-one (21) as if fully set forth herein.

23.     By refusing to reimburse the FUND the full amount of benefits paid in the amount of $21,756.07 from the monies received by Defendants in the settlement of the WC Claim, Defendants have violated the terms of the Plan/SPD and ERISA, which clearly state that the FUND has a right to reimbursement from any and all money that Defendants recover from the WC Claim.

24.     The FUND has an absolute right to reimbursement in the amount of $21,756.07.

25.     To the extent that Defendants still maintains any money or property that is traceable to monies recovered by Defendants from the WC Claim, the Plaintiff requests that this Court enter a constructive trust over the money and property.

26.     The Plaintiff has been harmed as a result of the Defendants' failure to act in accordance with the terms of the Plan/SPD because the Defendants are refusing to reimburse the FUND with money that rightfully belongs to the Plaintiff.

27.     Section 502(a)(3) of ERISA allows the Plaintiff to seek appropriate equitable relief to enforce the terms of the Plan/SPD and the Reimbursement Agreement.  29 U.S.C. § 1132.


**WHEREFORE**, Plaintiffs respectfully request that this Court:

A.     Impose a Constructive Trust in the amount of $21,756.07 plus interest on all tangible and intangible personal and real property of the Defendants;

B.     Enter a monetary judgment against Defendants SEWELL and OXNER, jointly and severally, in the amount of $21,756.07 as a mechanism to enforce the constructive trust;

C.    Enter an order awarding Plaintiff its reasonable attorney's fees and costs pursuant to the terms of the Plan/SPD and 29 U.S.C. § 1132(g)(1); and

D.    Award the Plaintiff any other equitable relief that this Court deems to be just and equitable all at Defendants' cost, pursuant to 29 U.S.C. §1132(a)(3).

Respectfully Submitted,

**JOHNSON & KROL, LLC**

By:    /s/ Nicollette L. Khuans – 6320914
One of the Plaintiff's Attorneys

Nicollette L. Khuans
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472
khuans@johnsonkrol.com